*863 The opinion of the Court was delivered by
Bermudez, C. J.
The defendant, an ex-sheriff, and his sureties are sued to be made responsible for the rent of property seized by liim^ which, it is alleged, he should have and has not collected, at the rate of $100 per month.
The defense is, that the property, situated in the Parish of Orleans, was occupied by the defendant in suit, who refused either to pay rent, Or to remove; that the plaintiff was authorized -to take sucli-action in the sheriff’s name as might be necessary and that plaintiff declined to' exercise the power.
There was judgment for the defendants, and the plaintiffs have appealed.
It is undoubtedly the duty of the sheriff, when he seizes productive real estate, to take at the same-time all the rents, issues and revenues which the property may yield. When he neglects to do so efficiently,in a proper case, and the judgment and seizing creditor is injured thereby, the sheriff is bound to repair the damage which he has occasioned by his fault. C. P. 656, 661 ; 6 R. 100; 5 A. 300 ; 30 A. 436; 32 A. 1048.
But the sheriff, it would seem, can be held responsible only where the property is occupied by tenants who are bound to pay rent, or where the property being vacant, or susceptible of being rented, he fails to take proper steps to rent it for a limited time. C. P. 658 ; 5 An. 174.
In the present instance, the property was neither occupied by tenants, nor susceptible of being rented, nor vacant. The defendant was in possession of the property, which was his residence merely, and which, though seized and in legal custody, had not ceased to belong to him. 4 N. S. 317; 11 R. 181; 12 R. 8. He could not be made to pay rent, for he had made no contract to do so with anybody. R. C. C. 2669. A suit against him for rent could not have been maintained. He had a right to occupy this property until after a legal expropriation. He could not have been made, by process of law, to vacate the same before complete divestiture of title of ownership. In any event, in the last case, the sheriff could take no legal steps for his expulsion.
The sheriff, no-doubt, has a right and it is his duty, where'it is physically possible for him to do so, to take actual possession of whatever property he levies his ' writ upon, real or personal, except in the Parishes of Orleans and Jefferson, in which, in cases of seizure of real estate, it is sufficient to register the seizure in the mortgage office. C. P. 762; Act of 1857, No. 189, p. 185; 14 An. 587; 20 An. 573; 28 An. 573; 31 An. 505.
As the law does not appear to make it the duty of a sheriff in those *864 parishes to expel owners in possession of real estate belonging to them, because under seizure, it is difficult to perceive how that officer can be held liable, in this case, for the value of the occupancy or enjoyment of the property in question, which, while under seizure, merely remained sequestered. The sheriff cannot be held responsible for not having done that which the law does not make it his duty to do.
Realizing his inability to collect rent from or eject an owner in actual possession of his property, though seized, the sheriff authorized the use of his name by the plaintiffs for such action as might be necessary, but the plaintiffs declined the offer. If it was thought that the sheriff was recreant to his duty, he might have been ruled and commanded to do it, on a proper showing by the court issuing the process.
It is difficult to conceive what else the sheriff could have done to
subserve the interests confided to him, and shield his own responsibility, already so grave. 6 L. 737; 10 An. 83.
There is no error from the judgment appealed from, which is affirmed with costs.
Rehearing refused.
Levy, J., absent.